IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| John S. Stritzinger, | ) | C/A No. 3:15-1469-TLW-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Bank of America; Vernon MC Wright; Charles Holliday; Brian Moynihan; United States of America; Walter Massey, | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The plaintiff, John S. Stritzinger, proceeding *pro se*, brings this action alleging a violation of his civil rights. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). Having reviewed the Amended Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed.

**I.     Factual and Procedural Background**

The Amended Complaint indicates that Plaintiff was employed by Defendant Bank of America as the senior officer responsible for integrating the bank's global assets in 2009.[1] (ECF No. 15 at 1.) Plaintiff alleges that, in the fall of 2009, he was told to report to the Board of Directors by Defendant Walter Massey, Chairman of the Board. (Id.) After a management change, Plaintiff claims that Bank of America began to interfere with Plaintiff's "professional activities and personal

---

[1] Plaintiff's Amended Complaint terminated the following defendants from this case: William Massey; Office of the President of the United States; and Office of the Vice President of the United States. (ECF No. 15 at 1.) The Amended Complaint added Defendants Charles Holliday, Brian Moynihan, United States of America, and Walter Massey to this action. (Id.) To preserve issues raised in this case and to give liberal construction to the pleadings, Plaintiff's Complaint has been appended as an attachment to the Amended Complaint. (ECF No. 15-1.)

Page 1 of 8



business" to include an "elaborate human resources Hoax" and "funding of opposing litigation in a family law suit." (Id.) Plaintiff further indicates that he believes the United States Government "may have continued to interfere" in his personal life following Plaintiff's "leave from the corporation." (Id.) Defendant Vernon MC Wright is named for interfering in "Texas Activities" by providing "loans in breach of his daughter's final decree of divorce."[2] (Id.) In an attachment to the Amended Complaint, Plaintiff asserts that Defendant Wright "used his corporate retirement package from Bank of America to fund litigation" against Plaintiff. (ECF No. 15-2 at 2.) Defendants Charles Holliday and Brian Moynihan[3] are not referenced in the body of the Amended Complaint. However, in the attachment, Plaintiff identifies Defendant Moynihan as the current Chief Executive Officer for the Bank of America and the corporate secretary for Defendant Massey in 2009. (ECF No. 15-2 at 1.) Defendant Holliday is listed as Bank of America's Chairman. (Id.) Plaintiff seeks monetary damages and injunctive relief. (ECF No. 15 at 1.)

## II. Discussion

### A. Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Amended Complaint. This court is required to liberally construe pro se complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978),

---

[2] Defendant Wright's daughter appears to be Katherine Wright, Plaintiff's former spouse. (ECF No. 15-2 at 3.)

[3] This defendant's last name is listed as "Monyihan" in the Amended Complaint's caption. (ECF No. 15 at 1.) However, elsewhere in the pleadings and in the service documents submitted by Plaintiff, this defendant is identified as Brian Moynihan. (ECF No. 15-2 at 1; ECF No. 24 at 3.)



and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

**B.    Analysis**

Plaintiff alleges a violation of his Fourth Amendment rights by the United States Government. (ECF No. 15 at 1.) Liberally construed, Plaintiff appears to allege a violation of his right to due process under the Fourteenth Amendment by the remaining defendants for the "funding of opposing litigation in a family law suit." (Id.) A plaintiff may assert a violation of his constitutional rights against state officials under 42 U.S.C. § 1983, which " 'is not itself a source of



substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.' " Albright v. Oliver, 510 U.S. 266, 271 (1994) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)).  Moreover, Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 397 (1971), established a direct cause of action under the United States Constitution against federal officials for the violation of federal constitutional rights.  See Carlson v. Green, 446 U.S. 14,18 (1980); see also Holly v. Scott, 434 F.3d 287, 289 (4th Cir. 2006). A Bivens claim is analogous to a claim brought against state officials under 42 U.S.C. § 1983; therefore, caselaw involving § 1983 claims is applicable in Bivens actions, and vice versa.  See Harlow v. Fitzgerald, 457 U.S. 800, 818 n.30 (1982); see also Ajaj v. United States, 479 F. Supp. 2d 501, 535 (D.S.C. 2007); Campbell v. Civil Air Patrol, 131 F. Supp. 2d 1303, 1310 n.8 (M.D. Ala. 2001) ("[I]n analyzing Plaintiffs' Bivens claims, the court shall refer interchangeably to cases decided under both § 1983 and Bivens.").  To state a claim under § 1983 or Bivens, a plaintiff must allege:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state or federal law. West v. Atkins, 487 U.S. 42, 48 (1988).

    **1.**    **No State or Federal Action—Defendants Bank of America, Wright, Holliday, Moynihan, and Massey**

As indicated above, a defendant must act "under color" of state or federal law to be amenable to suit under § 1983 or Bivens.  West, 487 U.S. at 48.  While "[a]nyone whose conduct is 'fairly attributable to the state' [or federal government] can be sued as a state [or federal] actor," Filarsky v. Delia, 132 S. Ct. 1657, 1661 (2012), purely private conduct, no matter how wrongful, is not actionable under § 1983 and the United States Constitution.  See Lugar v. Edmondson Oil Co.,

*PJG*

457 U.S. 922, 936 (1982); Mentavlos v. Anderson, 249 F.3d 301, 310 (4th Cir. 2001). In determining whether state action is present, no single factor is determinative and the "totality of the circumstances" must be evaluated. See Goldstein v. Chestnut Ridge Volunteer Fire Co., 218 F.3d 337, 341-43 (4th Cir. 2000).

In this case, Bank of America is a private corporation and Defendants Wright, Holliday, Moynihan, and Massey are identified as present or former employees of the private company. Plaintiff attempts to attribute federal action to Bank of America by asserting that it "was under Partial Control of the US Government via (TARP)." (ECF No. 15 at 1.) However, Plaintiff provides no authority to support his conclusory assertion that Bank of America became a federal actor through its alleged participation in the United States Treasury Department's Troubled Asset Relief Program ("TARP").[4] See Wiggins v. JP Morgan Chase Bank, C/A No. 2:14-11103, 2015 WL 868933, at *9 (S.D. W. Va. Feb. 27, 2015) (accepting and incorporating report and recommendation finding that bank, which accepted TARP funds, was not a governmental actor).

Although the court must liberally construe a *pro se* complaint, the United States Supreme Court has made clear that a plaintiff must do more than make conclusory statements to state a claim. See Ashcroft v. Iqbal, 556 U.S. 662, 677-79 (2009); see also Fed. R. Civ. P. 8(a)(2) (providing that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."). Further, the reviewing court need only accept as true the complaint's factual

---

[4] "Congress enacted the Emergency Economic Stabilization Act in the midst of the financial crisis of 2008. See Pub. L. No. 110-343, 122 Stat. 3765 (codified as amended at 12 U.S.C. §§ 5201-5253). The centerpiece of the statute was the Troubled Asset Relief Program ("TARP"), through which the Secretary of the Department of the Treasury was delegated broad powers to mitigate the financial impact of the foreclosure crisis and preserve home ownership." Stagikas v. Saxon Mortg. Servs., Inc., 795 F. Supp. 2d 129, 132 (D. Mass. 2011) (footnote omitted).



allegations, not its legal conclusions. Iqbal, 556 U.S. at 678-79. As Plaintiff fails to establish that Defendants Bank of America, Wright, Holliday, Moynihan, and Massey are federal or state actors amenable to suit under Bivens or § 1983, these defendants are entitled to summary dismissal from this case. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007) (holding that a plaintiff must provide sufficient factual allegations to "nudg[e] [the] claims across the line from conceivable to plausible").

### 2. Sovereign Immunity—United States of America

Under the principle of sovereign immunity, individuals may not sue the United States or its agencies without their consent. See FDIC v. Meyer, 510 U.S. 471, 484-86 (1994) (declining to extend Bivens to permit suit against a federal agency); Global Mail Ltd. v. United States Postal Serv., 142 F.3d 208, 210 (4th Cir. 1998) (holding that a federal governmental entity is entitled to sovereign immunity unless Congress waives that immunity and consents to suit). "[T]he United States has not waived sovereign immunity in suits claiming constitutional torts." Reinbold v. Evers, 187 F.3d 348, 355 n.7 (4th Cir. 1999); see also Randall v. United States, 95 F.3d 339, 345 (4th Cir. 1996) ("Bivens did not abolish the doctrine of sovereign immunity of the United States. Any remedy under Bivens is against federal officials individually, not the federal government."). Thus, the United States of America is immune from Plaintiff's constitutional claims. Plaintiff further references a violation of the "US Selective Service agreement." (ECF No. 15 at 1.) However, to the extent Plaintiff may be alleging the violation of a federal statute, his claim is conclusory and wholly unsupported by any factual allegations. Iqbal, 556 U.S. at 684. Accordingly, the United States of America is entitled to summary dismissal from this action.

PJG

### 3. State Law Claims

Because the Amended Complaint's federal claims are recommended for summary dismissal, the district court should decline to exercise supplemental jurisdiction over any state law causes of action raised in this case. See 28 U.S.C. § 1367(c)(3); see also United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966); Tigrett v. Rector and Visitors of the Univ. of Va., 290 F.3d 620, 626 (4th Cir. 2002) (affirming district court's dismissal of state law claims when no federal claims remained in the case).

## III. Conclusion

Accordingly, the court recommends that the Amended Complaint be summarily dismissed without prejudice and without issuance and service of process.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

June 30, 2015
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

>Robin L. Blume, Clerk
>United States District Court
>901 Richland Street
>Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).